# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1510V

|  |  |
|---|---|
| SHEILA BOEDEKER,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2026 |

*Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION ON JOINT STIPULATION</u>[1]

On October 13, 2022, Sheila Boedeker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on June 16, 2023. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on October 14, 2019. Amended Petition at 1; Stipulation, filed June 5, 2025, at ¶¶ 2-4. Petitioner further alleges that the flu vaccine was administered in the United States, she suffered residual effects of her alleged injury for more than six months, and there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition. Amended Petition at preamble, ¶¶ 8-15; Stipulation at ¶¶ 3-5. "Respondent denies that petitioner sustained a SIRVA Table injury; denies that the flu vaccine caused her alleged shoulder injury or any other injury or condition; and denies that her current condition is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Nevertheless, on June 5, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. On June 5, 2025, I issued a decision finding the stipulation reasonable and adopting it as my decision awarding damages, on the terms set forth therein (ECF No. 61). Judgment was entered on July 9, 2025 (ECF No. 63).

On October 3, 2025, Petitioner filed a joint motion to revise the judgment (ECF No. 65). On October 7, 2025, I granted the motion for relief from judgment (ECF No. 66) and issued another decision (ECF No. 67). Judgment was entered on October 8, 2025 (ECF No. 69).

On March 2, 2026, Petitioner filed a second joint motion to revise the judgment (ECF No. 76) requesting entry of a revised judgment directing payment for the lienholder to be deposited via ACH to Petitioner's counsel's IOLTA account so that they may pay South Country Health Alliance. On March 4, 2026, I granted the motion for relief from judgment (ECF No. 78).

Pursuant to the terms stated in the attached Stipulation and March 4, 2026 order granting relief from judgment, **I award** the following compensation:

A. **A lump sum of $52,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**; and

B. **A lump sum of $7,187.30, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Minnesota, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to**:

South Country Health Alliance
3905 Dakota Street
Alexandria, MN 56308
Subscriber ID: G0304392901
Reference: Sheila Boedeker

Stipulation at ¶ 8; March 4, 2026 Order Granting Relief from Judgment. These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
**************************************
SHEILA BOEDEKER,                      *
                                      *
               Petitioner,            *          No. 22-1510V
                                      *          Chief Special Master Corcoran
v.                                    *          ECF
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
               Respondent.            *
**************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Sheila Boedeker ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.      Petitioner received a flu vaccine on October 14, 2019.

3.      This vaccine was administered within the United States.

4.      Petitioner alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table. She further alleges that she has experienced residual effects of her alleged injury for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.      Respondent denies that petitioner sustained a SIRVA Table injury; denies that the flu vaccine caused her alleged shoulder injury or any other injury or condition; and denies that her current condition is a sequela of a vaccine-related injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.      A lump sum of **$52,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B.      A lump sum of **$7,187.30**,[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of Minnesota, in the form of a check payable jointly to petitioner and:

PrimeWest Health
Subrogation Department
3905 Dakota Street
Alexandria, MN 56308
Ref.: Sheila Boedeker

Petitioner agrees to endorse this check to PrimeWest Health.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Minnesota may have against any individual as a result of any Medicaid payments PrimeWest Health has made to or on behalf of Sheila Boedeker as a result of her alleged vaccine-related injury suffered on or about October 14, 2019, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

9.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action

3

(including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 14, 2019, as alleged by petitioner in a petition for vaccine compensation filed on or about October 13, 2022, and an amended petition for vaccine compensation filed on or about June 16, 2023, in the United States Court of Federal Claims as petition No. 22-1510V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

17.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner sustained a SIRVA Table injury; that the flu vaccine caused any other injury; or that her current condition is a sequela of a vaccine-related injury.

18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

SHEILA BOEDEKER

**ATTORNEY OF RECORD
FOR PETITIONER:**

KATHLEEN M. LOUCKS
LOMMEN ABDO, P.A.
920 Second Avenue South,
Suite 1000
Minneapolis, MN 55402
Tel: (612) 336-9348
Email: kloucks@lommen.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington. DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.05.28 15:13:42 -04'00'

for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services
Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

BY: RYAN A. NELSON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-616-4027
Email: ryan.nelson3@usdoj.gov

Dated: 6-5-2025

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 22-1510V**

<table>
<tr><td>

SHEILA BOEDEKER,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

</td><td>

Chief Special Master Corcoran

Filed: March 4, 2026

</td></tr>
</table>

*Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER GRANTING RELIEF FROM JUDGMENT[1]

On October 13, 2022, Sheila Boedeker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on June 16, 2023. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 14, 2019. Amended Petition at 1. On June 5, 2025, Respondent filed a stipulation (ECF No. 60). On the same day, I issued a decision (ECF No. 61), and judgment was entered on July 9, 2025 (ECF No. 63).

On October 3, 2025, Petitioner filed a joint motion to revise the judgment (ECF No. 65). On October 7, 2025, I granted the motion, withdrew the decision, vacated judgment, and subsequently issued another decision (ECF Nos. 66, 67). Judgment was entered the

---

[1] Because this order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

following day (ECF No. 69). The parties now jointly move to revise the October 8, 2025 judgment (ECF No. 76).

### I.    Applicable Legal Standards

Under Vaccine Rule 36, Appendix B, a party may seek relief from judgment pursuant to Rule 59, 60(a) or 60(b) of the RCFC. Although Petitioner indicated on CM/ECF that she seeks relief pursuant to RCFC 59(e), that rule limits such motions to "no later than 28 days after the entry of judgment," and thus it is not appropriate in this case. However, RCFC 60(b) delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6). Such a motion must be made "within a reasonable time." RCFC 60(c).

The Federal Circuit has described Rule 60(b) as a "remedial provision . . .  to be 'liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion regarding whether to grant relief under Rule 60(b) and may weigh equitable considerations in the exercise of its discretion. *McCray v. Sec'y of Health & Human Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7-8 (2008)).

### II.    Petitioner's Motion for Relief from Judgment

Petitioner states that Respondent issued a Medicaid reimbursement check to South Country Health Alliance as directed in the October 7, 2025 decision and October 8, 2025 judgment. Petitioner's Joint Motion to Revise Judgment (ECF No. 76). However, South Country Health was unable to deposit the check due to a clerical error on their part. The parties now request entry of a revised judgment directing payment for the lienholder to be deposited via ACH to Petitioner's counsel's IOLTA account so that they may pay South Country Health Alliance at:

> South Country Health Alliance
> 3905 Dakota Street
> Alexandria, MN 56308
> Subscriber ID: G0304392901
> Reference: Sheila Boedeker

### III.    Analysis

Petitioner has demonstrated entitlement to relief pursuant to RCFC 60(b). The motion was made within a reasonable time, and is filed for the purpose of ensuring that

the Medicaid lien is properly reimbursed as directed in the decision and judgment. Therefore, I **GRANT** the motion.

## Conclusion

In light of the foregoing, the Clerk of the Court is hereby instructed **to <u>VACATE</u> the judgment entered on October 8, 2025 (ECF No. 69) and <u>WITHDRAW</u> the Decision issued on October 7, 2025 (ECF No. 67).** A decision will be issued separately with the corrected information.

Any questions about this order or about this case generally may be directed to OSM staff attorney **Eileen Vachher at (202) 357-6388 or Eileen_Vachher@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

3