# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1510V

| | |
|---|---|
| SHEILA BOEDEKER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2026 |

*Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER GRANTING RELIEF FROM JUDGMENT[1]

On October 13, 2022, Sheila Boedeker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on June 16, 2023. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 14, 2019. Amended Petition at 1. On June 5, 2025, Respondent filed a stipulation (ECF No. 60). On the same day, I issued a decision (ECF No. 61), and judgment was entered on July 9, 2025 (ECF No. 63).

On October 3, 2025, Petitioner filed a joint motion to revise the judgment (ECF No. 65). On October 7, 2025, I granted the motion, withdrew the decision, vacated judgment, and subsequently issued another decision (ECF Nos. 66, 67). Judgment was entered the

---

[1] Because this order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

following day (ECF No. 69). The parties now jointly move to revise the October 8, 2025 judgment (ECF No. 76).

## I.    Applicable Legal Standards

Under Vaccine Rule 36, Appendix B, a party may seek relief from judgment pursuant to Rule 59, 60(a) or 60(b) of the RCFC. Although Petitioner indicated on CM/ECF that she seeks relief pursuant to RCFC 59(e), that rule limits such motions to "no later than 28 days after the entry of judgment," and thus it is not appropriate in this case. However, RCFC 60(b) delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6). Such a motion must be made "within a reasonable time." RCFC 60(c).

The Federal Circuit has described Rule 60(b) as a "remedial provision . . .  to be 'liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion regarding whether to grant relief under Rule 60(b) and may weigh equitable considerations in the exercise of its discretion. *McCray v. Sec'y of Health & Human Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7-8 (2008)).

## II.    Petitioner's Motion for Relief from Judgment

Petitioner states that Respondent issued a Medicaid reimbursement check to South Country Health Alliance as directed in the October 7, 2025 decision and October 8, 2025 judgment. Petitioner's Joint Motion to Revise Judgment (ECF No. 76). However, South Country Health was unable to deposit the check due to a clerical error on their part. The parties now request entry of a revised judgment directing payment for the lienholder to be deposited via ACH to Petitioner's counsel's IOLTA account so that they may pay South Country Health Alliance at:

> South Country Health Alliance
> 3905 Dakota Street
> Alexandria, MN 56308
> Subscriber ID: G0304392901
> Reference: Sheila Boedeker

## III.    Analysis

Petitioner has demonstrated entitlement to relief pursuant to RCFC 60(b). The motion was made within a reasonable time, and is filed for the purpose of ensuring that

2

the Medicaid lien is properly reimbursed as directed in the decision and judgment. Therefore, I **GRANT** the motion.

**Conclusion**

In light of the foregoing, the Clerk of the Court is hereby instructed **to <u>VACATE</u> the judgment entered on October 8, 2025 (ECF No. 69) and <u>WITHDRAW</u> the Decision issued on October 7, 2025 (ECF No. 67).** A decision will be issued separately with the corrected information.

Any questions about this order or about this case generally may be directed to OSM staff attorney **Eileen Vachher at (202) 357-6388 or Eileen_Vachher@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

3